UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL McDOWELL,              )
                               )
            Movant,            )
                               )
        vs.                    )   No. 4:06CV792-DJS
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

**MEMORANDUM**

On February 16, 2005, in United States v. Michael McDowell, 4:04CR644-DJS, Michael McDowell entered a plea of guilty to charges of possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §41(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c). On May 13, 2005, McDowell was sentenced by this Court to 180 months' imprisonment, followed by a three-year term of supervised release and the $200 special assessment. No direct appeal was taken. McDowell now brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255.

Ground One is McDowell's claim that his counsel rendered ineffective assistance when he failed to challenge whether McDowell possessed the firearm with intent to facilitate a drug trafficking crime. To prevail on a claim of ineffective assistance of counsel,

movant must show that his counsel's performance was deficient as a matter of constitutional law and that movant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A movant convicted upon his guilty plea must show that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

In connection with his guilty plea, McDowell admitted and stipulated that upon exiting a car, he placed a handgun in his waistband and then carried a plastic bag containing a quantity of cocaine base (crack) for delivery to another individual. Plea Agreement, Guidelines Recommendations, and Stipulations [Doc. #21 in 4:04CR644-DJS], p.9. McDowell further admitted his knowing violation of 18 U.S.C. §924(c), and that there existed a factual basis for his plea to knowingly and intentionally carrying a firearm during and in relation to the commission of the cocaine base distribution offense. Id. at 10.

Movant's invocation of "intent to facilitate" is misplaced. The offense defined in §924(c) can take several forms. One is to carry a firearm during and in relation to a drug

2

trafficking crime.  Another is to possess a firearm in furtherance of such a crime.  The facts to which movant stipulated, and which movant does not now recant, satisfy the first of these forms of the §924(c) offense, which does not require a showing of "intent to facilitate."  In a Double Jeopardy context, the Eighth Circuit has noted that "the language 'in furtherance of' requires a slightly higher standard of participation than the language 'during and in relation to' a drug trafficking crime."  United States v. Gamboa, 439 F.3d 796, 810 (8th Cir. 2006).  Because the stipulated facts suffice to support movant's guilty plea, movant fails to demonstrate that his counsel's performance was deficient or that further investigation would have resulted in a trial rather than a plea.  Ground One is found to be without merit.

Ground Two presents McDowell's claim that the drug penalty statutes 21 U.S.C. §841(b)(1)(A) and (B) are unconstitutional because, in violation of the Sixth Amendment, they convey Congress' intention that drug quantity and type be determined by courts as sentencing factors, rather than by juries.  The claim appears to represent a permutation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the Supreme Court ruled that when the government wishes to seek penalties in excess of those applicable by the elements of an offense alone, the government must charge the facts supporting the increased penalties in the indictment and prove the facts beyond a reasonable doubt.  See United States v. Aquayo-Delgado, 220 F.3d 926, 933 (8th Cir.

2000). As applicable to narcotics offenses, <u>Apprendi</u> mandates that when the indictment does not reference drug quantity, the defendant may not be sentenced outside the statutory range authorized by 21 U.S.C. §841(b)(1)(C).

McDowell's failure to raise this claim on direct appeal precludes its consideration here.

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 823 (8th Cir. 1987)...[Movant] is barred from bringing an action under 28 U.S.C. §2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Frady</u>, *supra*, 456 U.S. at 168[.]

<u>Reid v. United States</u>, 976 F.2d 446, 447-48 (8th Cir. 1992). Cause and prejudice are not shown. Furthermore, "<u>Apprendi</u> claims may not be raised for the first time on collateral review." <u>White v. United States</u>, 308 F.3d 927, 930 (8th Cir. 2002); <u>United States v. Moss</u>, 252 F.3d 993, 1001 (8th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1097 (2002).

In any event, the Court rejects Ground Two as without merit. Section 841(b) is not unconstitutional on its face, as its terms do not provide whether its variables are elements or mere sentencing considerations. <u>United States v. Palmer</u>, 297 F.3d 760,

4

767 (8th Cir. 2002).[1]  Neither is the statute shown to be unconstitutional as applied.  In movant's case, the drug type and drug quantity were pled in the indictment and were stipulated to by movant in connection with his guilty plea, leaving no viable claim of "as-applied" error.  Indictment, [Doc. #1 in 4:04CR644-DJS], p.1.; Plea Agreement, Guidelines Recommendations, and Stipulations [Doc. #21 in 4:04CR644-DJS], p.9.  No right to relief is shown on Ground Two.

In his lengthy memorandum in support of his §2255 motion, McDowell states Ground Two as a claim that his counsel was ineffective for failing to make the constitutional argument McDowell states as Ground Two in his §2255 Motion to Vacate. Finding the constitutional argument to be without merit, the Court readily concludes that defense counsel's failure to make the argument was not deficient performance, and that movant suffered no prejudice from the failure.  Construed as an ineffective assistance claim, Ground Two is also rejected.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief.  Accordingly, no evidentiary hearing will

---

[1] In Palmer, the Eighth Circuit cites the *en banc* opinion of the Ninth Circuit in United States v. Buckland, 277 F.3d 1173 (9th Cir. 2002), reversing on rehearing *en banc* an earlier Ninth Circuit opinion upon which movant relies here.

be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this __27th__ day of December, 2006.

                                                     /s/ Donald J. Stohr
                                                   UNITED STATES DISTRICT JUDGE